IN THE INTEREST OF L.F.
No. 29171
Intermediate Court of Appeals of Hawaii.
June 29, 2009.
On the briefs:
Naomi Hirayasu, for Father-Appellant.
Tae W. Kim, for Mother/Cross-Appellant.
Patrick A. Pascual and Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee/Cross-Appellee Department of Human Services.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and FUJISE, JJ.
Appellant Father (Father) and Cross-Appellant Mother (Mother) (collectively, Parents) each appeal from the Order Awarding Permanent Custody filed on April 22, 2008 and the Orders Concerning Child Protective Act filed on May 8, 2008 in the Family Court of the First Circuit (family court).[1] The family court awarded permanent custody of Parents' child, LF, to the Director of the Department of Human Services (DHS).
This case is related to consolidated appeal Nos. 28882, 28883, and 28884 (collectively, No. 28882), which involved the termination on November 7, 2007 of Parents' parental rights of LF's seven siblings. At the permanent custody hearing on LF's seven siblings, the family court's only determination as to LF was that DHS should be awarded foster custody of LF. Parents did not appeal the award of foster custody of LF. On May 8, 2 009, in No. 28882, this court affirmed the family court's termination of Parents' parental rights of LF's seven siblings.
On appeal, Mother contends (1) the family court erred in concluding that Mother was unwilling and unable to provide a safe home for LF even with the assistance of a service plan; (2) DHS failed to exert reasonable efforts to reunify Mother with LF; (3) the Permanent Plan's goal of adoption was not in the best interest of LF; and (4) the family court abused its discretion when it entered the Orders Concerning Child Protective Act on May 8, 2 008, in which the court denied Father's "Motion to Reconsider the Order Filed on April 4, 2008 Denying Father's Motion to Require Presence and Testimony of Drafters of Exhibits at Permanency Trial Pursuant to Rule 60(b) of the Hawaii Family Court Rules." In connection therewith, Mother contends that in the family court's May 15, 2008 Findings of Fact and Conclusions of Law, the family court's Findings of Fact (FOFs) 31, 32, 37, 40, 41, 44, 45, 51, 52, 55, 56, 57, 58, 59, 67, 68, 73, 75, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 were erroneous and Conclusions of Law (COLS) 4, 5, 6, 8, 9, 15, 16, 17, and 18 were wrong.
On appeal,[2] Father contends (1) the family court erred by ruling that Parents were collaterally estopped from raising factual findings that the family court had determined in its January 18, 2 008 Findings of Fact and Conclusions of Law in LF's seven siblings' three cases, FC-S Nos. 00-06581, 05-10254, and 05-10333. In addition, Father challenges FOFs 22, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 55, 57, 58, 59, 60, 63, 65, 67, 68, 69, 76, 77, 78, 79, 80, 81, 86, 87, and 88 and COLs 2, 4, 5, 6, 8, 9, 13, 16, 17, and 18.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother and Father's points of error as follows:
The November 16, 2007 Service Plan (November 2007 Service Plan) required Parents to participate in Child Sexual Abuse Treatment Program (CSATP) services. Contrary to Parents' claims, they did not complete the November 2007 Service Plan. Parents failed to complete CSATP services by the close of testimony at the permanency hearing on March 13, 2008. Therefore, the family court did not err in awarding DHS permanent custody of LF.
Parents claim that they were not provided adequate time to demonstrate they could provide a safe home and that DHS did not exert reasonable efforts to reunify them with LF. The family court had to consider whether Parents could provide a safe family home for LF within a period "not to exceed two years from the date upon which the child was first placed under foster custody by the court." HRS § 587-73(a)(2) (2006 Repl.). Parents point out that only a few months elapsed between the time foster custody was awarded to DHS and the permanency hearing on LF's custody. Parents claim there was insufficient time to complete the November 2 00 7 Service Plan when foster custody was awarded on November 7, 2007 and a petition for permanent custody was filed on December 3, 2 0 07.
LF was first taken into custody on June 9, 2006. A hearing on foster custody was originally set for July 7, 2006. Mother then requested and received a continuance. On September 21, 2006, the family court defaulted Parents and awarded foster custody to DHS. Upon Parents' motion, the family court set aside the default and scheduled another hearing for March 14, 2007. Mother again requested a continuance, which the family court granted. The hearing was continued again to November 6 and 7, 2007, at which time the hearing occurred. On November 7, 2007, the family court awarded foster custody of LF to DHS. On November 26, 2007, the family court ordered the November 2007 Service Plan, in which the court ordered, among other things, that Parents participate in CSATP therapy/counseling. On December 3, 2007 DHS submitted the proposed Permanent Plan to the family court. The permanency hearing began on February 22, 2008 and continued on March 13, 2008.
Parents' argument that they had insufficient time to complete the November 2007 Service Plan is without merit. Mother had been in CSATP treatment with Catholic Charities since November 2007, but her attendance had been sporadic. Ms. Ching, Mother's therapist at CSATP, stated at trial that Mother had not adequately addressed Mother's adults-molested-as-children issues, which affected her ability to parent LF. Ms. Sato, a DHS social worker assigned to LF's case, stated at trial that Father had been referred to CSATP at his request, but, at the time of trial, he had not contacted anyone at CSATP.
Mother's complaint that Parents "just did not have enough time with this child" is also without merit. Parents did not consistently attend supervised visits with LF and their weekday visits were cancelled. Thus, Parents did not avail themselves of every opportunity to have time with LF and cannot complain on appeal that their time with LF was inadequate.
Mother makes no argument that the proposed Permanent Plan's goal of adoption is not in the best interest of LF. Therefore, Mother's point of error is waived. HRAP Rule 28(b) (7) .
Specific FOFs and COLs challenged by Father are not erroneous and/or wrong. To the extent that any FOFs are erroneous and any COLs are wrong, they are harmless.
Therefore,
IT IS HEREBY ORDERED that the Order Awarding Permanent Custody filed on April 22, 2008 and the Orders Concerning Child Protective Act filed on May 8, 2008 in the Family Court of the First Circuit are affirmed.
NOTES
[1] The Honorable James H. Hershey presided.
[2] Father's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in failing to include in the statement of the case "record references supporting each statement of fact or mention of court... proceedings," and HRAP Rule 28(b)(4) in that each point of error does not state "(ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Father's counsel is warned that future non-compliance with HRAP 28 may result in sanctions against her.